## No. 844
## BUCHMAN, Admx. v. N. Y. CENT. RR. CO.

Ohio Appeals, 6th Dist., Erie Co.
No. 217. Decided Sept. 25, 1925

111. ASSUMPTION OF RISK—Whether or not widow is barred to a right of recovery by this doctrine, should be for determination by jury, providing case comes under such doctrine as contended.

829. NEGLIGENCE—Duty rests upon locomotive engineer to exercise ordinary care in keeping a lookout ahead, along tracks.

WILLIAMS, J.

Rosie Buchman brought an action against the New York Central Railroad Co. in the Erie Common Pleas, to recover for the wrongful death of her husband while in the employment of the Company as track inspector.

The evidence tended to show that about the time he was killed a west bound train passed through at a very high rate of speed and in the pilot of the engine were some pieces of cloth fluttering in the wind which appeared to correspond in color with the trousers worn by the decedent. No witnesses were called by the Company and those in charge of the train did not testify. None of the witnesses called, saw the accident happen. At the conclusion of Buchman's evidence, the court directed a verdict in favor of the Company.

Error was prosecuted and it was claimed on behalf of Buchman that the evidence tended to sustain one ground of negligence averred in the petition and that was the failure of the Company to exercise ordinary care in keeping a lookout ahead from the locomotive. The Court of Appeals held:

1. There was a scintilla of evidence tending to show that ordinary care was not exercised in keeping such a lookout ahead; and the scintilla rule applies in Ohio. Bag Co. v. Jaite, OS. 455; 3 Abs. 330.

2. The decedent was killed in broad daylight and there was nothing to prevent the engineer in the locomotive seeing a track walker ahead, along the tracks in the performance of his duties.

3. A duty rests upon a locomotive engineer to use ordinary care in keeping a lookout ahead along the tracks. Railway v. Kistler, 66 OS. 326.

4. The evidence tended to show that the conditions were such that if the engineer had looked ahead of the train he could have seen a person along the tracks, and therefore the inference that he failed to exercise ordinary care in reference to keeping a lookout is not unreasonable.

5. As there was no evidence tending to show exactly how the transaction took place, therefore the jury was required to guess upon the question of negligence of the company.

6. It is contended by the Company that the judgment of the court below was correct for the reason that Rosie Buchman was barred of a right to recover, because the decedent, as a matter of law, assumed the risk. It is true that under the Federal Employer's Liability Act, an employee "assumes risks due to negligence of employer and fellow employees when obvious and fully known and appreciated by him."

7. But assuming this case comes under such Act, the question of whether or not Buchman is barred of a right of recovery by reason of the doctrine of assumption of risk, is for the jury to determine.

8. It is not so clear that the decedent assumed the risk of the negligence of the engineer in keeping a lookout ahead that the

## STATE COURT OF APPEALS—Continued

court should hold that he did, as a matter of law.

Judgment reversed and cause remanded.

Attorneys—Young & Young, Norwalk, for Buchman; King, Ramsey, Flynn & Pyle, Sandusky, for Company.